# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH LOMBARDO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 06-587-JPG |
| | ) |
| BUREAU OF PRISONS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge a portion of his sentence stemming from his 2001 conviction for bank robbery in the Eastern District of Wisconsin. *See United States v. Lombardo*, Case No. 00-cr-199-LA (E.D.Wisc., filed Oct. 11, 2000). This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the

writ of habeas corpus.  A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence.  *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).  However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.  *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Although not clearly stated, it appears that Petitioner believes that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy.  *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion).  Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'"  *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[1]  *See also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49-50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that section 2255's substantive and

---

[1] *Ashley* overruled only Part III of *Montenegro*.  *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court.  *Ashley*, 266 F.3d at 674.

procedural barriers by themselves do not establish that section 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3ᵈ Cir. 1997). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. Instead, Petitioner asserts that the supervised release portion of his sentence is invalid under the Fifth Amendment's proscription against double jeopardy. He further asserts that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), supports his argument. However, in the Seventh Circuit, this ruling does not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Therefore, Section 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice. All pending motions are now **MOOT**.

**IT IS SO ORDERED.**

**Dated: November 6, 2006.**

                                              s/ J. Phil Gilbert
                                              **U. S. District Judge**